UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE GREEN,

                Plaintiff,

         -against-

UNITED STAFFING SOLUTIONS;
PREFERRED MEALS,

              Defendants.

17-CV-8045 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Andre Green, appearing *pro se*, brings this action alleging that Defendants violated his constitutional rights. By order dated March 16, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff alleges the following facts. On February 9, 2017, Plaintiff received a telephone call from Mr. Taylor at United Staffing Solutions. Mr. Taylor asked Plaintiff if he was still interested in a driving position in the Bronx, and Plaintiff stated that he was still interested. Plaintiff was interviewed on February 10, 2017, and Mr. Taylor informed Plaintiff that he was being sent to a produce company in the Bronx. That same day, however, Mr. Taylor called Plaintiff and asked him if he wanted to work one day for Preferred Meals. Plaintiff agreed, and on February 13, 2017, he reported for work at Preferred Meals. Plaintiff spoke to Mr. Libni, identified himself, and stated that he was reporting for work as a driver. Mr. Libni told Plaintiff that he was sending him out as a laborer, but Plaintiff informed Mr. Libni that he could not work as a laborer because of his inability to lift or bend, and that he was sent there as a driver. Mr. Libni told Plaintiff that he could leave if he could not work and Plaintiff left. Plaintiff relayed what happened to Mr. Taylor.

Plaintiff asserts that "under labor law if an employer requests a person – employee to show up for work is entitled to a 4 hour minimum whether the employee worker [sic] or not." (Compl. at ¶ III.) Plaintiff requested from United Staffing Solutions to be paid the four-hour minimum, but his request was denied. He alleges that he lost one week's worth of work because he lost faith in the company because they did not pay him the four-hour minimum he believed he was entitled to receive. Plaintiff seeks to hold both companies responsible for not paying him, and seeks monetary damages in the total amount of $30,000.00.

## DISCUSSION

### A.     Fair Labor Standards Act ("FLSA")

Plaintiff's allegation that he was not paid for a minimum of four hours on February 13, 2017, a day he reported to work but did not work, is construed as asserting a claim under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. The FLSA seeks to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). It does so in part by setting substantive wage, hour, and overtime standards. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 11 (2011).

The statute requires all employers to pay each of their employees "not less than" the prevailing minimum wage. 29 U.S.C. § 206(a)(1). In order to establish liability under the FLSA for unpaid minimum wages, a plaintiff must show that "the amount of compensation [he] received [] results in a straight-time hourly rate[1] that is less than the applicable federal minimum wage." *Gordon v. Kaleida Health*, 847 F. Supp. 2d 479, 490 (W.D.N.Y. 2012); *see also Pineda-Herrera v. Da-Ar-Da, Inc.*, No. 09-CV-5140 (RLM), 2011 WL 2133825, at *5 (E.D.N.Y. May 26, 2011) ("[F]or non-overtime wages, the FLSA requires only that employers pay the minimum wage rates set by federal law."). Ultimately, a FLSA plaintiff seeking wage recovery "must prove that he performed work for which he was not properly compensated, and that the employer had

---

[1] Straight-time hourly rates are defined as an employee's 'regular rate of pay' in the FLSA. *Ayers v. SGS Control Servs.*, No. 03-CV-9078 (RMB), 2007 WL 646326, at *9 (S.D.N.Y. Feb. 27, 2007). When an employee is salaried but works fluctuating hours, weekly straight-time hours are calculated by dividing hours worked into the fixed salary. *Id*.

actual or constructive knowledge of that work." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011).[2]

Plaintiff does not allege that he performed work for which he was not properly compensated. On the contrary, Plaintiff believes that although he did not work, he is entitled to receive compensation for four hours of work simply because he reported to work. Plaintiff's allegations do not state an FLSA claim that his employer failed to pay him the federal minimum wages for work performed, as required by federal law. He therefore fails to state a claim under FLSA's wage recovery provisions, and his complaint is therefore dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

---

[2] FLSA § 213(a)(1) provides an exemption from the minimum wage and overtime requirements for "any employee employed in a bona fide executive, administrative, or professional capacity." *Anani v. CVS RX Servs., Inc.*, 730 F.3d 146, 147 (2d Cir. 2013) (relying on 29 U.S.C. § 213(a)(1)). To qualify for this exemption an employee's work must satisfy both a duties requirement and a salary requirement. 29 C.F.R. §§ 541.2, 541.300.

[3] Because Plaintiff does not at this time assert a claim over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int' l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 2, 2018
          New York, New York

_____
          COLLEEN McMAHON
          Chief United States District Judge